UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>-against-<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK; KEVIN PITT; ALYSSA ANZALONE-NEWMAN; KRISTIN COLLADO,<br><br>                    Defendants. | 21-CV-5839 (ER)<br><br>ORDER |

EDGARDO RAMOS, U.S.D.J.:

Plaintiff, who is proceeding pro se, paid the filing fees to commence this action. For the reasons set forth below, the Court denies Plaintiff's request for preliminary injunctive relief without prejudice to renewal at a later stage, directs the Clerk of Court to issue summonses, and grants Plaintiff's request to proceed under a pseudonym.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the Plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, the court "has the power to dismiss a complaint sua sponte for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n. 11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (*per curiam*); *see also Perez v. Ortiz,* 849 F.2d 793, 797

(2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n. 3. The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (*per curiam*), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. Id. (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## DISCUSSION

**A.      Plaintiff's motion for preliminary relief**

Plaintiff has filed a motion requesting preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Having reviewed the allegations set forth in the complaint and Plaintiff's memorandum of law in support of her motion, the Court finds that at this stage, Plaintiff has not carried her burden of showing that she will suffer irreparable harm if she is not awarded the extraordinary and drastic remedy of preliminary injunctive relief. Accordingly, the Court denies the motion without prejudice to renewal at a later stage.

**B.      Issuance of summonses**

The Clerk of Court is directed to issue summonses as to Defendants Trustees of Columbia University, Kevin Pitt, Alyssa Anzalone-Newman, and Kristin Collado. Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses. If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

## CONCLUSION

The Court DENIES Plaintiff's motion for preliminary injunctive relief (ECF 4) without prejudice to renewal at a later stage, and GRANTS Plaintiff's request to proceed under a pseudonym. The Clerk of Court is respectfully directed to terminate the motion. Doc. 6.

The Clerk of Court is also respectfully directed to issue summonses as to Defendants Trustees of Columbia University, Kevin Pitt, Alyssa Anzalone-Newman, and Kristin Collado.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 13, 2021
       New York, New York

EDGARDO RAMOS
United States District Judge