UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
:
JANE DOE                                                            :
:
                            *Pro Se* Plaintiff,  :  Case No.: 21-CV-5839-ER
:
                             -against-           :
:
THE TRUSTEES OF COLUMBIA UNIVERSITY IN  :  **LETTER REQUESTING**
THE CITY OF NEW YORK, and KEVIN PITT,   :  **PRE-MOTION**
ALYSSA ANZALONE-NEWMAN, KRISTIN         :  **CONFERENCE FOR**
COLLADO, in their official capacities,  :  **SUMMARY JUDGEMENT**
:
                             Defendants,        :
:
------------------------------------------------------------------- x

Dear Judge Edgardo Ramos,
      Before the Court is Plaintiff's overview of the anticipated Summary Judgement. Plaintiff is requesting a pre-motion conference on this matter (if a default won't be appropriate for this action.)

*Background*

      Plaintiff Jane Doe brought this action against Defendant Columbia University alleging violation of Title IX, deliberate indifference, and erroneous outcome on its handling of her rape allegation against a fellow student, John Roe. Plaintiff alleged five gender-based selective enforcements in Complaint and intends to move for partial summary judgement for first and second cause of action.

*First Cause of Action – Violation of Title IX*
      Plaintiff has set forth its full legal argument in her responsible letter (Dkt. 27) to Defendant's overview of motion to dismiss. Plaintiff reiterates some key points here:
      Defendant has full autonomy to decide which policy (out of three) to use for all the pending Title IX cases. OCR does not have jurisdiction over Plaintiff's Title IX case handled by Columbia's GBM office because Columbia did not follow OCR's guidance to use the policy in place at the time of incident (January, 8 2019). Federal court is not bound by OCR's decision as to how it enforces the Title IX or its definition of retroactivity due to separation of powers between judicial and legislative branches.
      Plaintiff is suing Columbia for not using the New Title IX policy *prospectively* after August 14, 2020. Since by August 14, 2020, Defendant Columbia only finished all the investigative interviews with all parties, and the investigative reporting was being initially drafted. The major changes of new regulations only applies to the part after interview stage, such as selection of evidence, mediation option, cross-examination at a live hearing, allowing expert witness at hearing, etc.

In *Doe v. Rensselaer Polytechnic Institute* (N.D.N.Y. 2020), the Court held that "a school's conscious and voluntary choice to afford the plaintiff, over his objection, a lesser standard of due process protections when that school has in place a process which affords greater protections, qualifies as an adverse action."

The method to investigate sexual assault complaint is to presume the accused is innocent and solely assess the accuser's credibility. As a sexual assault victim, assuming he/she is making true accusation, that means he/she is very likely to be traumatized after alleged rape. Combined with Plaintiff's verified disability/mental condition, for her credibility assessment for her allegation of sexual assault, the investigators can't be reasonably expected to truly understand her certain behaviors.

*Second Cause of Action – Deliberate Indifference under Title IX*

"University's "deliberate indifference must, at a minimum, cause [a student or students] to undergo harassment or make them liable or vulnerable to it." *Davis,* 526 U.S. at 645, 119 S.Ct. 1661. Plaintiff has established the requisite causal link between Defendant's actions and the injury she suffered, that her assailant was once found responsible for a prior sexual assault and sanctioned in 2016, Defendant's decision to allow him to return school subjected Plaintiff underwent sexual assault, as well as additional two female students who never reported.

During the investigation stage, Plaintiff explained the two investigators that due to her pre-existing mental condition she could not understand that the nature of incident was sexual assault, however, was still traumatized and grew attachment to John Roe after the incident. Plaintiff's alleged disability at the time of incident and the emotional trauma after the incident are substantive factors in her arguments, though none of the investigators had any clinical background, they excluded Plaintiff's medical records without specific reasons.
In credibility assessment, the investigators excluded Plaintiff's medical records and information that contradicts John Roe's version of story, also failed to consider other possibilities beyond their stereotype of sexual assault victims and John Roe's statements. For example, John Roe stated during his interview that the reason he decided to befriend with Plaintiff after the incident was that he feared that Plaintiff would make false report of him sexually assaulting her. The investigators failed to consider the possibility that John Roe raped Plaintiff and then leveraged on her mental condition and sexual trauma and jeopardized her case. His alleged fear was about being held accountable for his action, not about being victimized by anticipated false accusation of sexual assault since John Roe was sanctioned before—but even for this possibility, the investigators failed to explain why John Roe should reasonably be so fearful of false accusation by female students if the Title IX proceedings at Columbia is not flawed.
Eventually, the investigators deemed the Plaintiff was "not credible" and found John Roe not responsible for sexual assault.

In *Cavalier v. Cath. Univ. of Am.,* 513 F. Supp. 3d 30 (D.D.C. 2021), the Court agrees with Cavalier's bottom line: a reasonable jury could find that the University's meaningful consideration of Cavalier's incapacitation was untimely, insufficient, and thus "clearly unreasonable." And "because a reasonable jury could also find that the failure of the University to look beyond the allegations of the eighteen-year-old (initially inebriated) victim, who acknowledged that she could not even recall much of what had happened, was clearly unreasonable."

   Additionally, Defendant prohibited all witnesses 'participation and cross-examination in a live hearing, after it furnished one of the witness's statements that's in contrast to his narrative in the original incident report from police department. Inclusion of Plaintiff's medical records and cross-examination of all witnesses in a live hearing would have material effects since the trauma response she had, "fawn", is counterintuitive to what people would have believed how sexual assault victims act like.

   Defendant reached an erroneous outcome as a result of implementing a policy of deliberate indifference, not just the rescinded Title IX policy itself is inadequate, but also the decision to implement such policy, despite uniqueness of Plaintiff's individual case, has amounted to deliberate indifference. There has been several Title IX lawsuits and controversies in recent year alleging the similar misconduct of Defendant, one thing in common in those prior cases is that Defendant excluded certain evidence/medical records from one gender and reached an outcome in favor of the other gender.

   In *Simpson v. Univ. of Colorado Boulder,* 500 F.3d 1170 (10th Cir. 2007) "the Court finds…that a university can certainly be liable under Title IX for a policy of deliberate indifference to a heightened risk of sexual harassment known to exist within a particular group or context, and possibly beyond that. " Magistrate Roemer continued, "a cognizable pre-assault claim may even be found to extend campus-wide, beyond a particular group or program" [I]t will not foreclose the possibility that a plaintiff could adequately allege causation even when a school's policy of deliberate indifference extends to sexual misconduct occurring across campus. " Id. at 390, 109 S.Ct. 1197. "We conclude that a funding recipient can be said to have "intentionally acted in clear violation of Title IX," Davis, 526 U.S. at 642, 119 S.Ct. 1661, when the violation is caused by official policy, which may be a policy of deliberate indifference to providing adequate training or guidance that is obviously necessary for implementation of a specific program or policy of the recipient. Implementation of an official policy can certainly be a circumstance in which the recipient exercises significant "control over the harasser and the environment in which the harassment occurs." Id. at 644, 119 S.Ct. 1661.

   Defendant Columbia's implementation of an inadequate policy and the decision to implement it, is very likely to result in Title IX violation/failure to adequately investigate sexual assault case on campus and make the community more vulnerable to future sexual harassments (after it already subjected three female students to sexual assaults).

Dated: September 10, 2021

/s/ Jane Doe

_____

*Pro Se* for Plaintiff
PO Box 297, New York 10044
646.920.4618