UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
              :
JANE DOE              :
              :
          *Pro Se* Plaintiff,    :    Case No.: 21-CV-5839-ER
              :
        -against-      :
              :
THE TRUSTEES OF COLUMBIA UNIVERSITY IN  :    **LETTER REQUESTING**
THE CITY OF NEW YORK, and KEVIN PITT,  :    **PRE-MOTION**
ALYSSA ANZALONE-NEWMAN, KRISTIN  :    **CONFERENCE**
COLLADO, in their official capacities,  :    **FOR DISCOVERY AND**
              :    **SUBPOENA**
         Defendants,    :
              :
------------------------------------------------------------------- x

Dear Judge Edgardo Ramos,

      Plaintiff is writing to object Defendant's request for a stay of discovery pending decision on its motion to dismiss (if a default won't be entered for this action)—which hasn't even been fully briefed yet; Plaintiff also requests a pre-motion conference for discovery/subpoena to be coincided with pre-motion conference for her anticipated summary judgment. An overview of the partial summary judgement is being filed contemporaneously with this letter.

      The Court analyzes whether to stay a discovery "by application of three factors: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *New York v. Penn. Higher Educ. Assistance Agency*, No. 19-CV-9155, 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020) (Ramos, J.)

      However, Defendant's request for a stay of discovery is too premature to apply the above three factors and for the Court to decide. Notwithstanding, Plaintiff has shown in her responsive letter (Dkt. 27) that Defendant's anticipated motion to dismiss is *unlikely* to fully succeed.

      In *XIFIN, INC., v. The Mount Sinai Hospital* No. 20-CV-02130, (S.D.N.Y. Oct. 7, 2020) (Ramos, J.)*, this Court once denied Defendant's request for stay discovery pending its decision on Defendant's motion to dismiss the Complaint. At the time, Defendant's motion to dismiss (a) was already fully briefed, (b) parties already "meet and confer" and determined the scope of discovery, and (c) the Plaintiff was allegedly seeking a "exceedingly wide in scope and unfathomably deep in detail" discovery, which might force the Defendant to "incur the cost and disruption of engaging in discovery only to have the Court determine that the Complaint was without merit and should be dismissed."

      In this action, Defendant Columbia:

(a) has never fully briefed its motion to dismiss but only revealed its preliminary legal arguments in the pre-motion letter (Dkt.25).

(b) parties have never met and conferred regarding discovery by the time of this filing. On August 2nd 4:32p.m. Plaintiff once emailed the counsel asking to meet and confer regarding subpoena, and the counsel refused to meet and confer given "the status conference that has been scheduled for next week, the parties' settlement discussions and, if necessary, Columbia's anticipated motion to dismiss. We expect that we will be discussing the schedule in this matter at the court conference on August 11 and would suggest that we wait until we've had a chance to meet with the Court next week." However, at the August 11 conference, Defendant didn't mention anything about discovery, but rather suggested to the court for a stay of deadlines for any motion practice without giving Plaintiff a notice. Given the context, Plaintiff was misled to believe that Defendant was interested in the demands Plaintiff had made for settlement, therefore she didn't raise objection to counsel's request for stay.

(c) Defendant Columbia is requesting the court to stay a discovery without asking/knowing what specific discovery Plaintiff intends to take. The discovery Plaintiff is seeking would in no way "incur the cost and disruption of engaging in discovery only to have the Court determine that the Complaint was without merit and should be dismissed."
Confidentiality of Title IX proceedings is meant to protect students' privacy, not for universities to dodge its accountability; and the discovery Plaintiff intends to take for this action won't need Columbia to produce any privileged information protected under "FERPA".

To be consistent with its previous application of three factors in *XIFIN, INC., v. The Mount Sinai Hospital,* this Court should deny Defendant Columbia's request for a stay of discovery as moot.

From another perspective, Defendant's stalling tactics only indicate that Plaintiff has a strong case: when there is no legal defect in the complaint and Plaintiff should be able to discover sufficient evidence to prove her claims, the only thing a defense attorney can do is to prevent this case from moving forward by employing a repertoire of strategy, as it did in *Feibleman v. Columbia University* (S.D.N.Y. 2019). After a case has been unnecessarily stagnant for months or years, and the aggrieved party is drained emotionally or financially, he/she would be more likely to settle the case on the opposing party's term.

Pursuant to this Court's Individual Practice 2.A.ii, Plaintiff is requesting a conference with the Court regarding her subpoena requests. On August 2nd 4:32p.m Plaintiff invited Defendant to "meet and confer" via email but it refused and is currently seeking a stay of discovery.

Besides depositions and documents productions between parties (Rule.34), Plaintiff only intends to request the following four deposition subpoena/subpoena duces tecum:

a. Subpoena John Roe to testify at a deposition.
b. Subpoena Witness#1/NYPD Detective of Columbia's GBM proceeding regarding the January 8, 2019, incident, to testify at a deposition.

c. Subpoena NYPD to produce the unredacted entire case file of the January 8, 2019, incident involving this Plaintiff and John Roe, which includes the original incident report.

d. Subpoena Office for Civil Rights, Department of Education, to produce complaints it received from female students at Columbia alleging violation of Title IX/deliberate indifference from May 2019 to today's date.

For the following reasons:

It's extremely rare that a perpetrator got caught and reported for sexual assaults two times within four years after he was found responsible and sanctioned for the first assault. John Roe is a critical witness since he had participated two GBM proceedings during Columbia's era of alleged "anti-male" (2015-2019) and "anti-female" (2019-present).

Both male Plaintiffs in *Doe v. Columbia University,* No. 15-1536 (2d Cir. 2016) and *Feibleman v. Columbia University*, No. 1:19-cv-04327 (S.D.N.Y. 2019) alleged anti-male bias as they went through GBM proceedings in 2015-2016, the same period as John Roe went through the proceeding for his first sexual assault case.

Additionally, John Roe experienced multiple times of GBM office's staff turnover resulted from external Title IX lawsuits. John Roe not only can verify factual allegations in the aftermath of the January 8, 2019, incident but is reasonably expected to have critical insights about Columbia's transition from "anti-male" to "anti-female".

Although the public can request records from NYPD and Office for Civil Rights pursuant to the Freedom of Information Act, there is no time limit for compliance, and it may take up to six months for those agencies to properly respond during the time of pandemic.

Columbia's former Executive Vice President for University Life, Suzanne Goldberg, who dictates and oversees the GBM proceedings and Title IX adjudications during 2015-2021 was appointed to be acting assistant secretary of the Department of Education's Office for Civil Rights this past January. Given the apparent conflict of interest, a subpoena may ensure an effective discovery.

Dated: September 10, 2021

/s/ Jane Doe
_____
*Pro Se* for Plaintiff
PO Box 297, New York 10044
646.920.4618