```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                                    :
JANE DOE                                                            :
                                                                    :
                        Pro Se Plaintiff,                           :   Case No.: 21-CV-5839-ER
                                                                    :
            -against-                                               :
                                                                    :
THE TRUSTEES OF COLUMBIA UNIVERSITY IN                              :   REQUEST FOR THE
THE CITY OF NEW YORK, and KEVIN PITT,                               :   ENTRY OF A DEFAULT
ALYSSA ANZALONE-NEWMAN, KRISTIN                                     :   JUDGEMENT
COLLADO, in their official capacities,                              :
                                                                    :
                        Defendants,                                 :
                                                                    :
------------------------------------------------------------------- x
```

Dear Judge Edgardo Ramos,

      Plaintiff is writing to propose an Order to Show Cause for default judgement to be entered pursuant to Rule 55 (b)(2) and Rule 54 (c).

**BACKGROUND**

      Defendant Columbia was served Complaint of this action and Summonses on July 20, 2021 and its Answer was due by August 10, 2021.

      Defendant requested 45 days of extension of time for its motion to dismiss on July 22, which was never granted by the court.

      Defendant then requested a pre-motion conference for its motion to dismiss which was scheduled on August 11.

      At the conference, Defendant didn't say anything about its motion to dismiss or discovery but requested a stay of deadlines for all motion practices because parties had engaged in settlement discussion. Although Plaintiff never received a response/acceptance from Defendant regarding the specific demands she had initially made on August 2.

      At the conference Plaintiff expressed her concern over Defendant's silence on her demands, counsel then said something like "we are interested in settlement." In that context, Plaintiff of course believed that Defendant was interested in her material terms for settlement, so she didn't raise objections to counsel's request for a stay of deadlines.

      This Court referred parties to a settlement conference, however, the court never expressly permitted Defendant to submit its Answer/motion to dismiss to a later date.

      Until the September 1 settlement conference, Defendant made it clear that it's unlikely for it to consider two of Plaintiff's non-monetary obligations which were made on August 2.

      Between July 22, 2021 and Sept 1st, 10am, the only time Defendant engaged in settlement discussion with Plaintiff was on August 23, after Plaintiff notified the court deputy regarding the ex part letter due by August 25 but she had not heard anything from Defendant so she would have nothing to include in the letter. Defendant was copied in the email Plaintiff sent to the court deputy. In less than two hours, Plaintiff finally received response and initial offers from

Defendant, and finally realized that what Defendant expressed interest about at the August 11 conference was simply the idea of settlement, instead of Plaintiff's materials terms for settlement.

Before August 11, Plaintiff made certain non-monetary obligation in her demand letter the first and foremost to consider for settlement possibility.

**LEGAL ARGUMENTS**

"the default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection. Furthermore, the possibility of a default is a deterrent to those parties who choose delay as part of their litigative strategy." *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689 (D.C. Cir. 1970)

See *Finkel v. Romanowicz,* 577 F.3d 79, 87 (2d Cir. 2009) ("In permitting, but not requiring, a district court to conduct a hearing before ruling on a default judgment, Rule 55(b) commits this decision to the sound discretion *266 of the district court."); *Palmieri v. Town of Babylon*, 277 F. App'x 72, 74 (2d Cir. 2008).  In determining whether to grant a default judgment, the court looks to the same factors which apply to a motion to set aside a default judgment, namely: (1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment. See *Pecarsky v. Galaxiworld.com, Ltd*., 249 F.3d 167, 170–71 (2d Cir. 2001); *United States v. Myers,* 236 F. Supp. 3d 702, 706 (E.D.N.Y. 2017).

See *S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1998) ("willful" default found when "the conduct of counsel or the litigant was egregious and was not satisfactorily explained," such as "for flimsy reasons, [failure] to comply with scheduling orders," or failing to answer a complaint after evading service for months); *Mason Tenders Dist. Council v. Duce Const. Corp*., No. 02 Civ.9044(LTS)(GWG), 2003 WL 1960584, at *2 (S.D.N.Y. April 25, 2003) ("Defendants, having failed to respond in any way to the Summons and Complaint or otherwise make any appearance in this action and having failed to provide any explanation for its failure to defend, have defaulted willfully.").
"On a motion for a default judgment, however, it is appropriate to independently "examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action." *Ramos–Falcon v. Autoridad de Energia Electrica,* 301 F.3d 1, 2 (1st Cir. 2002) (citing *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992)). Allegations that support a viable cause of action will establish the defendant's liability. See Fed. R. Civ. P. 55(b). " *Sec. & Exch. Comm'n v. Esposito,* 260 F. Supp. 3d 79 (D. Mass. 2017)

### Willfulness

Defendant initiated a *bad faith settlement negotiation* when it asked for a stay of deadline for pleading or otherwise defending based on settlement purpose, when it was never interested in the Plaintiff's material terms for settlement from beginning. After parties couldn't reach a resolution following a settlement conference, Defendant extended its deadline for answering the Complaint itself without the Court's prior permission. Defendant's request for a stay of deadline

for all motion practices (both its anticipated motion to dismiss and Plaintiff's anticipated motion to summary judgement) without conferring with Plaintiff beforehand misled Plaintiff into a false negotiation. Defendant's conduct at least cannot be "satisfactorily explained", therefore was willful.

### Meritorious Defenses

As this court can see in its overview of motion to dismiss and Plaintiff's responsive letter (Dkt.25 and 27). A defense that conflates powers of judicial and legislative branches, and confuse individual and official capacities, is hardly meritorious. Before the court there is also Plaintiff's overview of her summary judgement.

### Level of prejudice

Plaintiff has already been prejudiced since she expressed her desire (Dkt.24) for an efficient judicial proceeding after it took Columbia *two years* (reported on August 6, 2019) to finish her Title IX case and only reached an erroneous outcome. As Plaintiff recognized in another letter being filed together with this one:

"Defendant's stalling tactics only indicate that Plaintiff has a strong case: when there is no legal defect in the complaint and Plaintiff should be able to discover sufficient evidence to prove her claims, the only thing a defense attorney can do is to prevent this case from moving forward by employing a repertoire of strategy, as it did in *Feibleman v. Columbia University* (S.D.N.Y. 2019). After a case has been unnecessarily stagnant for months or years, and the aggrieved party is drained emotionally or financially, he/she would be more likely to settle the case on the opposing party's term."

In conclusion, Plaintiff request an order to show cause to see whether this action is appropriate for a default at this stage. If not, Plaintiff would like a conference for discovery/subpoena together with pre-motion conference for summary judgement.

Dated: September 10, 2021

/s/ Jane Doe

*Pro Se* for Plaintiff
PO Box 297, New York 10044
646.920.4618