UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE,

                    Plaintiff,

      – against –

THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK; KEVIN PITT; ALYSSA ANZALONE-NEWMAN; KRISTIN COLLADO,

                    Defendants.

**ORDER**

21 CV 05839 (ER)

---

RAMOS, D.J.:

      Pro se plaintiff Doe has requested clarification of the Court's order of September 15, 2021 which (1) stayed discovery pending resolution of defendants' motion to dismiss, and (2) denied plaintiff's request for leave to file for default judgment or summary judgment.

      As regards Doe's request for clarification of the Court's stay of discovery, a Court may stay discovery "for good cause," Fed. R. Civ. P. 26(c), which the Court analyzes "by application of three factors: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *New York v. Penn. Higher Educ. Assistance Agency*, No. 19-CV-9155 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020) (Ramos, J.) (staying discovery pending resolution of motion to dismiss).

1

Here, as defendants argue, discovery would be burdensome, as this is a Title IX case involving sensitive subject matter and requiring measures to protect party and non-party privacy. Beyond this, there is no risk of unfair prejudice to Doe, as her Amended Complaint was filed six weeks ago, and, as defendants report, the parties have been engaged in settlement negotiations for the past several weeks.

As regards Doe's request to move for default judgment, default judgment is entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . .". Fed. R. Civ. P. 55(a). This has not happened in this case and therefore a motion for default judgment would not be meritorious.

Pursuant to this Court's individual practices, 2.A.ii, "[i]f a pre-motion conference is requested in connection with proposed motion to dismiss, the request will stay the deadline for the requesting party to move or answer, and a new deadline will be set at the conference." In accordance with this Court's individual practices, on August 5, 2021, in anticipation of a conference on August 11, 2021, defendants wrote a pre-motion letter to request leave to file a motion to dismiss. This request stayed the deadline for defendants to move or answer.

As instructed, plaintiff responded with a letter on August 10, 2021. At the conference, parties were referred to Magistrate Judge Sarah Netburn for a settlement conference. After settlement conference, which was not successful, both parties requested that the Court set deadlines for defendants' motion to dismiss. Defendants proposed a briefing schedule, which this Court adopted. At no point have the defendants "failed to plead" or "otherwise defend." Fed. R. Civ. P. 55(a). As such, plaintiff's proposed motion for default judgment is not appropriate.

As regards Doe's request to move for summary judgment, Federal Rule of Civil Procedure 56(b) allows a summary judgment motion to be made "at any time." But courts routinely deny motions for summary judgment as premature when discovery over relevant matters is incomplete or until the nonmoving party has had time to file a responsive pleading. *See, e.g.*, *Odom v. Calero*, 2007 WL 4191752 at *1 (S.D.N.Y. Nov. 28, 2007) (motion for summary judgment premature when discovery stayed and motion to dismiss pending); *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 188-89 (S.D.N.Y. 2014) ("in many cases the motion [for summary judgment] will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had") (quoting Fed. R. Civ. P. 56 Advisory Committee Notes); *Murrell v. Bennett*, 615 F.2 306, 310 (5th Cir. 1980) (reversing summary judgment entered before discovery had begun); *Miller v. Beneficial Mgmt. Corp.*, 977 F.3d 834, 846 (3d Cir. 1992) (reversing summary judgment entered when several depositions remained to be taken). Here, as in *Odom*, discovery is stayed and a motion to dismiss is pending; as such, a motion for summary judgment is premature.

SO ORDERED.

Dated: September 16, 2021  
New York, New York

_____  
Edgardo Ramos, U.S.D.J