MEMO ENDORSED

See last page.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JANE DOE

                    *Pro Se* Plaintiff,

           -against-

THE TRUSTEES OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK, and KEVIN PITT,
ALYSSA ANZALONE-NEWMAN, KRISTIN
COLLADO, in their official capacities,

                    Defendants,

------------------------------------------------------------------ x

Case No.: 21-CV-5839-ER

**MOTION FOR LEAVE TO EXCEED PAGE LIMITS FOR PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Judge Edgardo Ramos,

    *Pro Se* Plaintiff submits this motion to exceed the page limitations for its memorandum in opposition of Defendants' motion to dismiss for the following grounds:

1. This case presents new interpretations of precedents following recent federal regulations, constitutional argument, and arguments for conversion under 12(d) in addition to the opposition to dismissal.

2. This case is factual-intensive and involves 216 pages of exhibits.[1]

3. Specifically, plaintiff is required to show "patterns of decision-making that also tend to show the influence of gender" *Yusuf,* 35 F.3d at 715 under the erroneous outcome claim as an alleged victim of sexual assault, and her trauma response/mental condition was substantial factor in her Title IX claim and this action. The August 14, 2020 new Title IX regulation require schools to take "presumption of innocence" for those accused of sexual assault until proven guilty. When the respondents are presumed innocence, that means the accuser will be more likely treated as false accusers until evidence says otherwise. As a result, during the fact-finding process only the accuser is likely to be discriminated against, therefore the scope of applicability for erroneous outcome should be expanded to both accuser and the accused after August 14, 2020. Moreover, the process of determining the accused's liability of sexual assault has always been based on the credibility assessment of the accuser before and after August 14, 2020. There hasn't been such precedent yet that can support plaintiff's claim when she is an alleged victim of sexual assault. As such, plaintiff needs to develop her arguments independently, with

---

[1] Plaintiff was not required to attach any exhibit to Complaint when filing this action or to prove any allegation in pleading stage. It's because she wanted to support her TRO at the time but didn't envision how those exhibits would affect her opposition to motion to dismiss later.

   inclusion of as much biased "patterns" as possible for the court to rely on in consideration of the application of these matters.
4. There is a tendency to send trauma victims/survivors behind the closed doors of therapy to deal with their emotions, thus privatizing trauma and its effects, when the sources of trauma are various forms of violence. Reactions to trauma is distinguishable from other forms of mental illness because the problem is not individual in origin. Deprivatizing of responses to trauma is necessary for the Court to see which actions are imperative for schools to take in Title IX process to identify such sources of trauma.

   This is also why plaintiff couldn't submit the memorandum after the new deadline since she couldn't decide where to draw the line between legal arguments and her personal history.

   Another reason for the lateness is that looking through the Title IX investigative report/exhibit to Complaint was too triggering and plaintiff needed indefinite time to unpack and process her emotions.
   As defendants' counsel pointed out in its motion to dismiss, paragraph 122 of Complaint is contradicted by the exhibit/investigative report (the others are not), because when plaintiff drafted the Complaint, she didn't look at the investigative report, she couldn't.
   As of today, Plaintiff has only scrutinized the investigative report/exhibit twice, one was when she received the report from Columbia on May 27, 2021, and the second time was for this memorandum.
   Because of the unique complexity of this case, it has been impossible for plaintiff to condense the memorandum to the 25-page limit and still address properly all the issues before this Court; plaintiff was able to condense it under 40 pages, not counting the table of contents and cover page.

   WHEREFORE, Plaintiff submits this motion for leave to exceed page limit pending the Court's determination.


Dated: Roosevelt Island, New York
        December 22, 2021

/s/ Jane Doe
_____
*Pro Se for Plaintiff*
PO Box 297
New York, NY, 10044
646.920.4618

---

The application is granted. Plaintiff can exceed the page limit up to 40 pages.

SO ORDERED.

_____
Edgardo Ramos, U.S.D.J
Dated: 12/24/2021
New York, New York