MANDATE

1:21-cv-05839-ER

23-960-cv
Doe v. Trs. of Columbia Univ. in City of N.Y.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-four.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
ALISON J. NATHAN,
*Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/8/2024

------------------------------------------------------------------

JANE DOE,

      *Plaintiff-Appellant*,

v.                                                       No. 23-960-cv

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF
NEW YORK,

      *Defendant-Appellee*.*

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

MANDATE ISSUED ON 07/08/2024

| | |
|---|---|
| FOR APPELLANT: | Jane Doe, *pro se*, New York, NY |
| FOR APPELLEE: | Anna Collins Peterson, Gabrielle Tenzer, Kaplan Hecker & Fink LLP, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Jane Doe appeals from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*) dismissing her claim arising under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), against the Trustees of Columbia University. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Doe alleged that while she was a student at Columbia University in January 2019, she was sexually assaulted in campus housing by another Columbia University student, John Roe. In August 2019 Doe reported the assault to Columbia University's Gender-Based Misconduct ("GBM") Office. Columbia

2

University connected Doe with pro bono counsel and investigated the alleged assault pursuant to its 2019 GBM policy, which prohibited sexual conduct without affirmative consent.  After multiple interviews with Doe, Roe, and other witnesses, as well as a review of relevant documents, Columbia University investigators issued a report in May 2021 finding that Roe was not responsible for sexual assault.  Doe requested a hearing to appeal the finding, though she ultimately chose not to attend it.  The hearing panel affirmed the investigators' findings.  Doe then filed her Title IX suit in federal court, claiming principally that Columbia University acted with deliberate indifference to her sexual assault by failing to provide adequate procedures to accurately investigate her complaint, due to gender bias.  The District Court held that her Title IX claim failed under Federal Rule of Civil Procedure 12(b)(6) because her complaint did not present enough facts to state a plausible claim to relief.  We review the District Court's dismissal *de novo*.  *See Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 88 (2d Cir. 2011).

I. **Sixth Amendment**

Doe first argues that the District Court violated her Sixth Amendment rights by conflating her First Amended Complaint with her operative Second

3

Amended Complaint.  This argument is meritless because the Sixth Amendment does not apply in this civil case.  *See, e.g.*, *Turner v. Rogers*, 564 U.S. 431, 441 (2011); *United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981).  In any event, we disagree with the premise of Doe's argument and conclude that the District Court did not improperly conflate Doe's complaints.  To the contrary, it addressed Doe's claim in the Second Amended Complaint, including the allegations that "the 2019 GBM Policy is vague and makes it effectively impossible for a complainant to prove the alleged sexual assault" and "from January 2019 to April 2019, [Doe] began encountering Roe at Butler Library." *Doe v. Trs. of Columbia Univ. in City of N.Y.*, No. 21-CV-5839 (ER), 2023 WL 4211031, at *4–5 (S.D.N.Y. June 27, 2023) (quotation marks omitted).  That many of Doe's allegations overlapped with those in the First Amended Complaint does not alter our conclusion.  Nor did the District Court err in considering materials incorporated by reference in Doe's Second Amended Complaint.  *See Carlin v. Davidson Fink LLP*, 852 F.3d 207, 212 (2d Cir. 2017).  Although Doe did not attach any part of the investigative report to her Second Amended Complaint, she

4

nevertheless referred to and relied on it. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004).

## II. Deliberate Indifference

Doe next argues that she "has sufficiently alleged and proved her single deliberate indifference claim with uncontested, concrete evidence." Appellant's Br. 4. Mindful that Doe pursues this appeal *pro se*, we disagree. Columbia University and other recipients of federal funds are liable for damages under Title IX "where they are deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650 (1999). A defendant's response to known discrimination constitutes deliberate indifference if it "is clearly unreasonable in light of the known circumstances," "follows after a lengthy and unjustified delay," or fails to materialize altogether. *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 751 (2d Cir. 2003) (quotation marks omitted).

Even if Doe had adequately pleaded a deprivation of educational benefits, her claim would fail because Columbia University's response to Doe's allegation

5

of sexual assault was not clearly unreasonable under Title IX, which does not require schools to "remedy" peer harassment or "ensure that students conform their conduct to certain rules." *Davis*, 526 U.S. at 648 (cleaned up). Instead, Columbia University was required only to "respond to known peer harassment in a manner that is not clearly unreasonable." *Id.* at 649. Columbia University had a comprehensive Title IX policy in place, timely appointed Title IX investigators, helped Doe secure pro bono representation during the proceedings, interviewed multiple witnesses as part of a thorough investigation, and offered Doe a hearing and an opportunity to appeal its decision. We understand that Doe wanted different procedures to be put in place — for example, cross-examination and consideration of expert testimony. But "victims of peer harassment" do not have "a Title IX right to make particular remedial demands," *id.* at 648, and it was not clearly unreasonable for Columbia to abide by its internal procedures in response to Doe's complaint.[1]

---

[1] To the extent Doe also alleges that Columbia University failed to protect her privacy by showing documents containing private information about her to the witnesses it was interviewing and falsified evidence in the investigative report, these allegations are either conclusory or based on pure speculation and are therefore insufficient to state a claim under Title IX.

6

III.    Leave to Amend

Finally, we review the District Court's decision to dismiss Doe's case with prejudice for abuse of discretion. *See Grain Traders, Inc. v. Citibank, N.A.*, 160 F.3d 97, 106 (2d Cir. 1998). The District Court gave Doe two opportunities to amend her complaint, but Doe failed each time to remedy the deficiencies that it identified. Under these circumstances, the District Court acted within its discretion in denying leave to amend a third time. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

We have considered Doe's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit