**Hecker Fink LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.HECKERFINK.COM

DIRECT DIAL     929.294.2536
DIRECT EMAIL    gtenzer@heckerfink.com

December 5, 2024

**VIA ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> Re:   *Doe v. The Trustees of Columbia University in the City of New York*, No. 21-cv-05839 (ER) (S.D.N.Y.)

Dear Judge Ramos:

We write on behalf of Defendant Trustees of Columbia University in the City of New York ("Columbia"), pursuant to the Court's November 27, 2024 Order, ECF 90 ("Order"), and in response to Plaintiff's November 25, 2024 letter requesting a pre-motion conference, ECF 89 ("Plaintiff's Letter").

***Proposed Redactions to Plaintiff's Letter.*** Columbia respectfully requests that Plaintiff's Letter remain restricted on the docket because it contains—for the first time in this multi-year and long-closed action—the name of a non-party, former-student witness in Plaintiff's underlying disciplinary proceeding who has previously been pseudonymous in the action. In accordance with the Court's Order, submitted with this letter is a proposed redacted and pseudonymized version of Plaintiff's Letter. The only proposed redactions are of this former student's full name. Columbia requests that this redacted/pseudonymized version of Plaintiff's Letter appear on the public docket instead of the one filed by Plaintiff.

When Plaintiff originally filed her complaint in this action, she herself sought to proceed pseudonymously and sought to identify the former-student respondent in her disciplinary proceeding with a pseudonym. ECF 6. The Court granted that motion. ECF 8. And when Plaintiff filed her Second Amended Complaint, ECF 73, she identified former-student witnesses in her disciplinary proceeding with pseudonyms, including the individual at issue here. There is no reason to stop that practice now.

Indeed, there is ample legal basis for this Court to maintain the pseudonymity of former-student non-parties like the individual at issue here, even in light of the presumption of public access to the federal courts. *See generally Olson v. Major League Baseball*, 29 F.4th 59, 88-90 (2d

Hecker Fink LLP

2

Cir. 2022). Courts in this Circuit often identify individuals pseudonymously in cases such as this one, involving allegations of gender-based misconduct in a university context. *See, e.g.*, *Doe v. Yeshiva Univ.*, 703 F. Supp. 3d 473, 483-484 (S.D.N.Y. 2023) (referring to students pseudonymously); *Doe v. Columbia Univ.*, 831 F.3d 46, 48-49 (2d Cir. 2016) (same); *Roe v. St. John's Univ.*, 91 F.4th 643, 647 n.1 (2d Cir. 2024) (same); *see also Doe v. Syracuse Univ.*, 457 F. Supp. 3d 178, 206 (N.D.N.Y. 2020) (ordering redaction of names of decision-makers in student disciplinary proceedings because "faculty and staff would be less likely to volunteer to resolve cases" if their names were made public in litigation).

Here, pseudonymity is particularly appropriate because the former student is not a party to this now-closed action, and so he has not had the opportunity to address the appropriateness of pseudonyms. *Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990) (recognizing "privacy interests of innocent third parties" as a basis for redactions). Moreover, to avoid dissuading students from participating in disciplinary proceedings for fear of being publicly identified in litigation, the former-student witness identified in Plaintiff's Letter should continue to be pseudonymous.

Plaintiff will in no way be prejudiced by the proposed redactions. Indeed, they are entirely consistent with her prior filings in this case. *See, e.g.*, ECF 73 at 14-16, 31 (referring to "Witness#2"); ECF 78 at 13 (same).

***No Pre-Motion Conference Is Warranted.*** As for Plaintiff's request for a pre-motion conference regarding a motion for leave to file a supplemental pleading under Rule 15 of the Federal Rules of Civil Procedure, Columbia respectfully submits that no such conference is warranted. There is no pleading for Plaintiff to supplement. The Court dismissed Plaintiff's Second Amended Complaint, ECF 85, and the Second Circuit affirmed this Court's decision, ECF 88. Plaintiff sought a writ of certiorari from the U.S. Supreme Court, which denied her petition. *See Doe v. Trs. of Columbia Univ.*, No. 24-5511 (Sup. Ct., filed Sept. 11, 2024). Plaintiff's subsequent motion to recall the mandate was denied by the Second Circuit. Order, Dkt. No. 128, *Doe v. Trs. of Columbia Univ.*, No. 23-960 (2d Cir. Nov. 22, 2024). Because Plaintiff's prior claim was "brought to a final conclusion," *res judicata* bars "all other claims arising out of the same transaction or series of transactions . . . , even if based upon different theories." *Giannone v. York Tape & Label, Inc.*, 548 F.3d 191, 194 (2d Cir. 2008); *see also* Pl.'s Ltr. at 1 ("plaintiff will add the following new claim and new defendant *based on the same facts*" (emphasis added)).

Respectfully submitted,

Gabrielle E. Tenzer