UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x
:
JANE DOE :
:
:
*Pro Se* Plaintiff, :      No.: 21-cv-05839-ER
:
:      **REQUEST FOR PRE-**
:      **MOTION CONFERENCE**
-against- :      **REGARDING MOTION**
:      **FOR LEAVE TO FILE**
:      **SUPPLEMENTAL**
:      **PLEADING UNDER**
THE TRUSTEES OF COLUMBIA UNIVERSITY IN :      **FRCP 15**
THE CITY OF NEW YORK :
:
Defendant :
------------------------------------------------------------------------- x

Dear Judge Ramos,

    *Pro se* plaintiff Jane Doe submits this pre-motion letter as pursuant to this Court's Individual Practice 2.A.ii requesting a pre-motion conference regarding her anticipated motion for leave to file a supplemental pleading under Rule 15 of the Federal Rules of Civil Procedure.

    Title IX is in nature of a contract between federal government and funding recipients; therefore, Title IX lawsuits should be evaluated as a *breach of contract*.[1] In September 2022, plaintiff filed Second Amended Complaint alleging three deliberate indifference claims under Title IX against defendant Columbia as follow (Doc.73 at 245-252):
    1. no live hearing with cross-examination, not interviewing enough witness, not admitting relevant evidence (Inadequacy of performance)
    2. falsifying evidence to tailor a predetermined outcome (fraud)
    3. determining medical records and expert witness as irrelevant (lacking mutual assent/invalid contract)

    In the supplemental pleading, plaintiff will add the following new claim and new defendant based on the same facts:
    4. (a) failure to protect complainant/respondent's privacy during the Title IX investigation, (b) and failure to respond plaintiff's privacy complaint in June 2020 (unaware of privacy protection as an *implied term* of the contract to carry out its contractual obligation, lacking mutual assent, non-performance as immediate breach) As a result, plaintiff/female complainant avoided continuously participating the disciplinary hearing/educational activity, which constitutes "loss of education benefits"; and the male respondent underwent retaliation.

---

[1] See Restatement (Second) of Contracts § 110 (1981) (statute of frauds); § 163 (material misrepresentation); § 17 (mutual assent); § 235(2) (non-performance as immediate breach); § 241.

1

     5. Defamation against Defendant Columbia. The Second Circuit has ruled that universities' Title IX disciplinary procedure is not *quasi-judicial*, therefore, Columbia's falsifying evidence/testimonials to profile plaintiff as a false sexual assault accuser has defamatory implication. Columbia showed those defamatory statements to multiple individuals.

     6. Defamation against Defendant ▓▓▓▓ ("Witness#2" in Second Amended Complaint) In an attempt to force Roe to admit to sexual assault, since June 2020, [Witness#2] went around telling other Columbia students that it was the plaintiff's idea to publicly expose Roe on social media and successfully instigated several other students to violate school policy along with him, including several other alleged victims of Roe. Over the past year, [Witness#2] then started spreading new lies about plaintiff to prevent other students from coming forward testifying against him. (Witness tempering/obstruction of justice is a separate crime from defamation)

     The Court can find the sufficiency of the Title IX privacy claim under either of two theories. First, the DOE explicitly include the privacy provision in its 2024 Title Final Rules:

| Doc 38, Brief 5 | Quotations from Brief Overview ("O") and Summary of Key Provisions ("S") of Title IX Final Rule[2] |
|---|---|
| (3) *no meaningful measure* to protect parties' privacy (identity vs. personally identifiable information) | Reasonable steps to prevent and address the parties' and their advisors' unauthorized disclosure of information and evidence obtained solely through the sex-based harassment grievance procedures.<br>The final regulations prohibit a recipient from disclosing personally identifiable information obtained in the course of complying with Title IX, with limited exceptions.<br>(O 2; S 7, 8, 12) |

The DOE delineated its jurisdiction for enforcing these Final Rules to incidences occurring in or after August 2024. However, the Supreme Court has overturned the *Chevron* doctrine in its *Loper Bright* ruling in June 2024. Federal courts are now required to exercise its independent judgement to agency interpretations of vague laws. Title IX statute is ambiguous on whether the regulation can be applied retroactively. This court should decide that whether in 2020 or 2024, lack of privacy protection can effectively prevent victims to report sexual assault/participate in disciplinary procedure; and failure to respond a privacy complaint can lead to the victim socially/physically withdraw from the educational environment/activity; for the accused, lack of privacy protection can result in discrimination and retaliation, socially/physically withdraw from school environment/activity as well.

     Second, Title IX was enacted under the Spending Clause of the U.S. Constitution, in nature of a contract between federal government and recipients. Any sensible and realistic policymaker would recognize that privacy protection has always been an *implied term* of this contract in order for recipients to carry out its contractual obligation and effectively respond to sexual harassment complaint or prevent further harassment/loss of education benefits.

---

[2] No.: 23-960, Doc.104 at 2. (2d Cir.) New York is not one of the 26 states that have blocked the new Title IX rule in its entirety; these new provisions still apply to in-state recipients.

Allowing supplemental pleadings can promote judicial economy by avoiding separate actions for related issues that arise after the initial filing. (If defendant intends to file a motion to dismiss the proposed supplemental pleading, parties can discuss their positions together in the conference.)


Dated: November 25, 2024
New York, New York

Respectfully,

/s/ Jane Doe
Jane Doe, *Pro se*
442 Fifth Avenue #1047
New York, NY 10018