UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

            v.

THE TRUSTEE OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK, KEVIN PITT,
ALYSSA ANZALONE-NEWMAN, and KRISTIN
COLLADO,

                Defendants.

**ORDER**

21-cv-5839 (ER)

Ramos, D.J.:

        On June 27, 2023, Defendants' motion to dismiss the second amended complaint was granted and the case was closed. Doc. 85. Plaintiff appealed and on July 8, 2024, the Second Circuit affirmed the Court's decision. Doc. 88.[1] On December 9, 2024, Plaintiff's request for leave to file a supplemental pleading was denied. Doc. 92. On December 20, 2024, Plaintiff filed the instant motion for reconsideration of the final judgment, arguing that recent changes in controlling law constitute an "extraordinary circumstance." Doc. 96.

        "A motion for reconsideration is not an opportunity for a petitioner to relitigate an issue already decided." *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (internal quotation marks and citation omitted). Rather, the party must "present controlling decisions or facts that the court originally overlooked" that "might reasonably be expected to alter the [Court's] conclusion" because "a mere disagreement with the Court's legal determination is not a valid basis for reconsideration."

---

[1] On November 12, 2024, the Supreme Court denied the Plaintiff's petition for a writ of certiorari. *Doe v. Columbia Univ. Trustees*, No. 24-5511, 2024 WL 4743125, at *1 (U.S. Nov. 12, 2024). On November 22, 2024, the Second Circuit denied Plaintiff's motion to recall the mandate. Order, Dkt. No. 128, *Doe v. Columbia Univ. Trustees*, No. 23-960 (2d Cir. Nov. 22, 2024).

*Diakite v. U.S. Citizenship & Immigr. Servs.*, No. 23 Civ 00725 (ALC), 2024 WL 2884047, at *1 (S.D.N.Y. May 14, 2024) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A "motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. V. Nat'l Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted).

Plaintiff argues that the 2024 Title IX Final Rules ("Rules") published by the Department of Education ("DOE") on April 19, 2024, applicable to incidents occurring on or after August 1, 2024, should be applied retroactively to Plaintiff's case. Doc. 96 at 3–4. Plaintiff contends that her allegations, namely that Defendants: (1) failed to provide a live hearing with cross-examination; (2) excluded medical records from an expert; and (3) failed to provide consistent procedures, would benefit from the "updated legal standards" set forth in the Rules. *See* Doc. 96 at 1–3. Plaintiff relies on *Loper Bright Enterprises v. Raimondo* to argue that the Court "can now independently interpret the Title IX statute and regulations without deferring to agency guidance on retroactivity." 144 S. Ct. 2244 (2024); Doc. 96 at 3–8 (arguing that "[t]here is no hard rule that precludes a court from applying remedial legislation 'retroactively' when such application better represents the principles of the Title IX statute.")

Not quite. Under the general presumption against retroactivity, administrative rules will not be construed to have retroactive effect unless their language requires this result. *See, e.g., Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); *De Niz Robles v. Lynch*, 803 F.3d 1165, 1172 (10th Cir. 2015) ("The presumption of prospectivity . . . should attach when Congress's delegates seek to exercise delegated legislative policymaking authority: their rules too should be presumed prospective in operation unless Congress has clearly authorized

2

retroactive application.")  Here the DOE explicitly declared that the Rules would not be applied retroactively.  Indeed, federal courts "must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." *Loper Bright*, 144 S. Ct. at 2273.  That being said, this Court does not find the DOE acted unconstitutionally by giving the Rules prospective effect.  *Cf. Lynch*, 803 F.3d at 1172 (finding the agency's retroactive application of its new interpretation to punish the immigrants unconstitutional).

Even if the Court were to apply the Rules retroactively, they would not advance Plaintiff's position.  To survive a motion to dismiss, a plaintiff alleging deliberate indifference must plead that (1) the school had "actual knowledge" of the harassment; (2) that the harassment was "so severe, pervasive, and objectively offensive" that it deprived the plaintiff of "access to the educational opportunities or benefits provided by the school;" and (3) that the school's response was "clearly unreasonable in light of the known circumstances." *Davis v. Monroe County Board of Education*, 526 U.S. 629, 643 (1999).  Plaintiff's motion for reconsideration does not specify how the new provisions[2] would have "reasonably altered the result before the court" had they been considered by the court below in the first instance.  *Rosado v. Soriano*, No. 16 Civ. 3310 (RA), 2020 WL 5534833, at *2 (S.D.N.Y. Sept. 15, 2020) (internal quotation marks omitted).  Particularly, the Court determined that Plaintiff failed to plausibly plead that her access to educational opportunities was compromised, an independent finding that fell out of the purview of the Rules.  Without the satisfaction of the second prong, Plaintiff's Title IX claim would be dismissed in any event.

---

[2] The Rules provide equal opportunity for the parties to access the relevant and not otherwise impermissible evidence or an accurate description of this evidence (and if the recipient provides access to a description, it must provide access to the underlying evidence upon the request of any party) and "a reasonable opportunity to respond." 34 C.F.R. § 106.45(f)(4).  The Rules also do not "preclude[] a recipient from requiring an employee or other person authorized by a recipient to provide aid, benefit, or service under the recipient's education program or activity to participate as a witness in, or otherwise assist with, an investigation, proceeding, or hearing under this part." § 106.2.  Further, the Rules require the grievance procedures to "articulate consistent principles for how the recipient will determine which procedures apply." § 106.45(b).

Accordingly, Plaintiff's motion to reconsider is denied.  The Clerk of Court is respectfully directed to terminate the motion.  Doc. 96.

It is SO ORDERED.

Dated:   January 3, 2025
         New York, New York

Edgardo Ramos, U.S.D.J.